UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LARRY TYRONE TOWNSEND, JR. AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF TYNISHA JANAYE TOWNSEND,
DECEASED,
        Plaintiff,

v.         Civil Action No. 2:11-cv-313

MATTHEW C. TURCOTTE, IN HIS
INDIVIDUAL CAPACITY,
        Defendant.

## MEMORANDUM ORDER

Pending before this Court is a Motion to Dismiss the Amended Complaint in this action brought by Defendant Matthew C. Turcotte ("Turcotte" or "Defendant"). ECF Doc. 19. After reviewing the briefing, the Court finds oral argument unnecessary, and Turcotte's related request for a hearing (ECF 26) is DENIED. For the reasons below, the Motion to Dismiss is granted in part and denied in part.

### I. Factual Background and Allegations

This case arises from circumstances that culminated in the fatal shooting of Tynisha Jaynae Townsend by City of Norfolk Police Officer Matthew C. Turcotte. Am. Compl. ¶7. On December 11, 2010, Turcotte was dispatched to serve a felony warrant for a domestic assault on the 200 block of West Bay Avenue in Norfolk, Virginia. *Id.* at ¶8. After Turcotte arrived at the scene, Tynisha Jaynae Townsend (the "decedent") attempted to drive a vehicle at or past Turcotte. Turcotte drew his weapon and fatally shot her. *Id.*

Plaintiff Larry Tyrone Townsend, Jr., the surviving spouse of the decedent and the personal representative of her Estate, subsequently filed a suit against the City of Norfolk ("City"),

alleging that the City violated the decedent's civil rights. An Amended Complaint naming the City and Turcotte as defendants was filed on September 1, 2011. On September 26, 2011, the Amended Complaint was dismissed with prejudice as to the City only.

The remaining claims in the Amended Complaint assert two counts against Turcotte. In the first remaining count, Plaintiff asserts a claim under 42 U.S.C. § 1983, asserting that "Turcotte negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, and/or intentionally used unjustifiable, deadly force" to prevent Tynisha Jaynae Townsend's escape, and that no reasonable police officer in Turcotte's position "could have believed that deadly force was necessary to prevent imminent death or great bodily harm to Turcotte or another." Am. Compl. ¶13.

In the other remaining count, Plaintiff asserts a state law claim for wrongful death against Turcotte. Plaintiff asserts that the officer breached his duty to act with reasonable care in preventing the escape of the decedent. *Id.* ¶17-18.

## II. Questions Presented

Turcotte has filed a motion to dismiss the remaining portions of Amended Complaint in their entirety. Turcotte argues that Plaintiff fails to assert valid claims against Defendant for either the alleged denial of federal civil rights under color of law pursuant to 42 U.S.C. § 1983, or for wrongful death under state law. Defendant argues that because Plaintiff failed to plead facts that are sufficient to permit this Court to infer more than the mere possibility of misconduct by Turcotte, the Amended Complaint must be dismissed.

Turcotte's motion requires the Court to determine whether Plaintiff's pleadings allow for a reasonable inference that Turcotte could be liable for violating the civil rights of the decedent, and/or whether Turcotte could be found liable under the Virginia's Wrongful Death Act.

### III.   Legal Standards

Plaintiff's first claim alleges that Turcotte committed civil rights violations under 42 U.S.C. § 1983. To state such a claim, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's other claim against Turcotte is for wrongful death and is advanced pursuant to Virginia Code § 8.01-50. Plaintiff acknowledges that for his claim to be viable, he must establish actual conduct that shows such indifference to others as to constitute an utter disregard and complete neglect to the safety of others (gross negligence), or is intentional, willful, wanton, or reckless conduct; and he must show a proximate causation link between the defendant's conduct and the decedent's death. Mem. Opp. at 8-9 (quotations and citations omitted).

When evaluating the sufficiency of a claim, this Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) "challenges the legal sufficiency of a complaint . . . considered with the assumption that the facts alleged are true. . . ." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

A plausible claim is one that contains "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "If the

complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim." *Jones v. Dominion Law Assocs.*, Civil Action No. 3-11-cv-552, 2011 WL 5438625, at *1 (E.D. Va. Nov. 9, 2011).

"[T]he court does not have to accept legal conclusions couched as factual allegations," and may also disregard "unwarranted inferences, unreasonable conclusions, or arguments." *Cappetta v. GC Servs. Ltd. P'ship*, 654 F. Supp. 2d 452, 456-57 (E.D. Va. 2009) (quotations and citations omitted).

## IV. Analysis

Defendant alleges that the remaining portions of the Amended Complaint must be dismissed because Plaintiff has failed to state adequate factual allegations to support the claims against Turcotte. Specifically, Defendant claims the factual allegations lack the facial plausibility demanded by *Twombly* and *Iqbal*. The allegations in the civil rights claim and the wrongful death claim are evaluated in turn.

### A. Civil Rights Claim

Turcotte contends that Plaintiff's pleadings fail to assert a right to relief above the speculative level and fail to state a claim for relief that is facially plausible. Defense counsel notes correctly that the use of deadly force as alleged in this case would fall short of being a constitutional violation if Turcotte had probable cause to believe that a threat of serious physical harm to Turcotte or others existed. Rebuttal at 1-2 (quotations and citations omitted).

However, the standards enunciated recently in *Iqbal* and *Twombly* do not mandate dismissal simply because valid defenses are plausible and because the defendant may in fact prevail after discovery is undertaken and a plaintiff's allegations are subjected to the scrutiny of a subsequent dispositive motion practice and the possible evaluation from triers of fact.

In this case, Plaintiff has set forth adequate factual allegations to describe a violation of a right secured by the Constitution and laws of the United States. The Amended Complaint describes Turcotte's conduct in attempting to serve a felony warrant for domestic assault, and then deploying deadly force to effect a seizure of an unarmed suspect by drawing and firing a weapon at the suspect and killing her. This conduct is described as occurring in absence of any probable cause, and as being grossly negligent, reckless, willful, and wanton, and unreasonable.

Unsurprisingly, counsel for Turcotte argue that gaining a more accurate perspective regarding the facts will defeat this claim. However, counsel advances no persuasive challenge regarding whether Turcotte's alleged conduct of shooting and killing an unarmed driver of a vehicle (possibly) attempting to flee the officer's presence could be construed as an unreasonable seizure under the Fourth Amendment to the United States Constitution. Nor is there any serious dispute that the alleged constitutional deprivation occurred under color of state law.

Counsel's opposition to the claim is instead rooted in assertions that Plaintiff has failed to present sufficiently complete factual allegations, and that in absence of more complete allegations, the claim should be dismissed as lacking facial plausibility.

This argument for dismissal is rejected. "It is clearly established that citizens have a Fourth Amendment right to be free from unreasonable seizures accomplished by excessive force." *Valladeras v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009). The battlegrounds for litigating this suit appear well-defined: if a suspect "poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him [or her] does not justify the use of deadly force to do so." *Henry v. Purnell*, 652 F.3d 524, 532 (4th Cir. 2011) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).

However, it is equally well-established that when a suspect "threatens the officer with a weapon or there is probable cause to believe that he [or she] has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given." *Garner*, 471 U.S. at 11-12.

A possibility – or even a likelihood – that the reasonableness of the officer's use of deadly force in this case will be disputed zealously falls short of compelling a conclusion at this point in the litigation that the claim itself is supported insufficiently by factual allegations. The concerns voiced in *Iqbal* and *Twombly* for ensuring a complaint's facial plausibility do not warrant dismissal here.

B.  **Wrongful Death Claim**

It is acknowledged at the outset of this portion of the analysis that Plaintiff concedes that the motion to dismiss is well-taken to the extent that dismissal is directed "solely at a common law wrongful death ordinary negligence theory of recovery." Mem. Opp. at 11. Accordingly, Defendant's motion is **GRANTED IN PART** as to any allegations of Plaintiff's wrongful death claim that is premised upon ordinary negligence.

However, Defendant also argues that this claim should be dismissed to the extent that the wrongful death claim is premised upon gross negligence or the alleged willful, wanton, or reckless misconduct of Turcotte. This challenge that Plaintiff has failed to "provide any further factual enhancement to show that plaintiff is entitled to relief pursuant to Virginia's Wrongful Death Act" echoes the unsuccessful challenges to Plaintiff's pleading in his civil rights claim. Mem. Supp. at 4.

The challenge is similarly rejected as lacking merit. As analyzed above, the allegations presented in the Amended Complaint are sufficient. Plaintiff has stated a valid claim for wrongful death. The factual allegations presented raise triable issues regarding whether Turcotte may have acted recklessly when he attempted to serve a felony warrant for domestic assault, drew his weapon, and fired and killed the decedent. Therefore, Defendant's Motion to Dismiss is **DENIED IN PART** as it pertains to Plaintiff's wrongful death claim and allegations of Turcotte's possibly reckless conduct.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF Doc. 19] is **GRANTED AS TO ANY ASPECT OF PLAINTIFF'S WRONGFUL DEATH CLAIM AGAINST OFFICER MATTHEW C. TURCOTTE THAT IS PREMISED UPON ORDINARY NEGLIGENCE, AND IS DENIED IN ALL OTHER RESPECTS.** The Clerk of the Court is directed to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

May 8, 2012
Norfolk, Virginia

Arenda L. Wright Allen
United States District Judge